Attachment A
9-29-2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH RANDOLPH MAYS, pro se

_____

*Your full name*

**FEDERAL TORTS CLAIM ACT**
**COMPLAINT**

v.

Civil Action No.: 3: 22-cv-170
*(To be assigned by the Clerk of Court)*

UNITED STATES OF AMERICA

Grch
Trumble
Sims

FILED

OCT 6 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.    PLAINTIFF

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

> A.    Your full name: JOSEPH RANDOLPH MAYS  Inmate No.: 43487-007
>        Address: 3901 KLEIN BLVD $ UNITED STATES PENITENTIARY LOMPOC
>               LOMPOC, CA 93436

## III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: UNITED STATES PENITENTIARY LOMPOC

> A.    Is this where the events concerning your complaint took place?
>        ☐ Yes    ☑ No

---

*United States District Court*          7          *Northern District of West Virginia-2013*

Attachment A
9-29-2022

If you answered "NO," where did the events occur?

FEDERAL CORRECTIONAL INSTITUTION - GILMER (FCI GILMER)
PO BOX 5000
GLENVILLE, WV 26351-5000

IV.   PREVIOUS LAWSUITS

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☑ Yes   ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): Joseph R. Mays (Joseph Randolph Mays)
Defendant(s): United States of America

2.   Court: Northern District of West Virginia
*(If federal court, name the district; if state court, name the county)*

3.   Case Number: 5:22-cv-36

4.   Basic Claim Made/Issues Raised: Negligence

5.   Name of Judge(s) to whom case was assigned:
Honorable Judge John Preston Bailey

6.   Disposition: Dismissed / Pending Response on Filing Out of Time
*(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit: March 1, 2022

Attachment A
9-29-2022

8.     Approximate date of disposition. Attach copies: PENDING RESPONSE TO RECONSIDERATION MOTION

C.     Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☑ Yes     ☐ No

D.     If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. I sent a "Request to Staff" with an electronic copy of the issues (BP-8 (Informal Resolution)) to Warden R. Hudgins and Associate Warden R. Thompson on 3-21-2020 and to my Unit Counselor Mr. Sligar on 3-20-2020 to report the incidents of misconduct by H. Williams (Howard Williams) and Ian Connors (Mid-Atlantic Regional Office and Central Office BOP, respectively).

E.     Did you exhaust **ALL** available administrative remedies?
☑ Yes     ☐ No

F.     If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. I filed administrative remedies:
★ 1069912-F1 (Administrative Remedy Request) dated N/A (No SENTRY entry)
   1069912-R1 (Regional Office Appeal) dated 2-3-2021
   1069912-A1 (Central Office Appeal) dated 3-15-2021
★ Warden Hudgins and/or Unit Manager R. Clem failed to enter rejection in SENTRY

G.     If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.     Parties to previous lawsuit:

(A)    Plaintiff(s): JOSEPH RANDOLPH MAYS, pro se

       Defendant(s): T. B. Smith, Warden, et al.

---

Attachment A
9-29-2022

2.    Name and location of court and case number:  US District Court for the Eastern District of North Carolina (Raleigh, NC) Case No: 5:18-ct-3185-FL

3.    Grounds for dismissal:    ☐ frivolous        ☐ malicious
☑ failure to state a claim upon which relief may be granted
   ↳ Failure to exhaust remedy (subject of the appeal)

4.    Approximate date of filing lawsuit:    July 2018

5.    Approximate date of disposition:    September 2020
★ On Appeal 4th Cir 20-7540 (10/2020)

## V.    ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim, with the appropriate BOP Regional Office?
☑ Yes        ☐ No

B.    If your answer is "YES," answer the questions below:

1.    Identify the type of written claim you filed:  FTCA Complaint (SF-95)

2.    Date your claim was filed: March 24, 2022

3.    Amount of monetary damages you requested in your claim:
$1,000,000.00

4.    If you received a written Acknowledgment of receipt of your claim from the BOP, state the:

I.    Date of the written acknowledgment: March 31, 2022
ii.    Claim Number assigned to your claim: TRT-MXR-2022-03683

C.    If your claim involves individuals who are employed by government agencies **other than the BOP**, did you file an FTCA Claim Form (SF-95), or any other type of written notice of your claim with the appropriate government agencies?    ☐ Yes        ☑ No  N/A

Attachment A
10-4-2022

G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

(B) 1. Parties to previous lawsuit:

Plaintiff(s): JOSEPH RANDOLPH MAYS, pro se

Defendant(s): RICHARD HUDGINS, Warden, et.al.

2. Name and Location of Court and Case Number:

US District Court for the Northern District of West Virginia, Wheeling, WV

3:20-cv-181

3. Grounds for dismissal:

Failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: October 2020

5. Approximate date of disposition: August 2021

10 A

Attachment A
9-29-2022

D.    If your answer is "YES," answer the questions below:

1.    Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:
N/A

2.    Identify the type of written claim(s) you filed: _N/A_

3.    Date your claim(s) were filed: _N/A_

4.    Amount of monetary damages you requested in your claim(s):
N/A

5.    If you received a written Acknowledgment of receipt of your claim(s), state the:

I.    Date of the written Acknowledgment: _N/A_

ii.   Claim Number assigned to your claim: _N/A_

E.    If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
☐ Yes        ☑ No

1.    If you answered "YES," state the:

I.    Date you requested reconsideration: _N/A_

ii.   Date the agency acknowledged receipt of your request for reconsideration: _N/A_

---

*United States District Court*                    *11*                    *Northern District of West Virginia-2013*

Attachment A
9-30-2022

## VI. STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case.  **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining.  Describe exactly what each federal employee did.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION.  NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)***

CLAIM 1: <u>Negligence</u> - FBoP employees were negligent when they failed to exercise reasonable care in the performance of their duties to respond to the Plaintiff's request for help and their duty to him, which resulted in a heart attack.

Supporting Facts: **1.** The United States of America is a defendant because it is liable to the Plaintiff as a private person in the State of West Virginia due to the negligent and wrongful acts and omissions of federal employees acting within the scope of their employment

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual: Warden R. Hudgins, Unit Manager R. Clem, Case Manager Jones, Unit Secretary C. Wilson (FCI Gilmer, WV); Howard Williams (Administrative Remedy Clerk Mid-Atlantic Regional Office (FBoP)); Ian Connors (Central Office (FBoP), Ken Hyle (Central Office)

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?   ☑ Yes        ☐ No

If your answer is "YES," please explain: The Warden is the CEO of the institution, R. Clem, C/M Jones, C. Wilson are part of Unit Team for the Plaintiff (i.e. his needs), Howard Williams and Ian Connors (Administrative Remedy Processing of Plaintiff's grievances - R. Hudgins, too.)

CLAIM 2: <u>Negligent Failure to Act</u> - FBoP employees negligent failed to act when they failed to take statutory, regulatory, and FBoP-policy-mandated steps to prevent the Plaintiff's heart attack, and report serious administrative misconduct by H. (Howard) Williams and Ian Connors.

2. FBOP employees are law enforcement officials for the purposes of this civil action.

3. As to "2.", FBOP employees (Federal Bureau of Prisons) Do NOT have discretion to violate federal statutes, regulations, or the United States Constitution.

4. As to paragraph "3.", if a federal statute, regulation, or policy sets forth a specific course of action for that employee to follow, then the [federal] employee MUST follow it or be in violation of that statute, regulation, and/or policy.

5. The Plaintiff submitted an electronic "Request to Staff" dated 3-20-2020 to Counselor Sligar, via Unit Manager R. Clem's inbox, with a electronic "copy" of a BP-8 detailing misconduct by H. (Howard) Williams and Ian Connors. See Exhibit 2

6. As to "5.", H. Williams and Ian Connors are the Mid-Atlantic Regional Office and Central Office Inmate Appeals Administrator, respectively.

7. As to "5.", the Plaintiff forwarded/submitted an electronic "Request to staff", with the BP-8 attached to it to Warden R. Hudgins. See Exhibit 3

8. As to "7.", the Plaintiff made him aware of the retaliatory misconduct of H. Williams and Ian Connors and how they split the grievances (physically) and the 4-part forms, respectively. See Exhibits 2 and 3

9. As to "7.", the Plaintiff also made him aware of the Plaintiff's need to have his medical needs/issues addressed.

10. The Plaintiff sent two (2) electronic "Request to Staff", dated 3-25-2020 and 5-8-2020, and one paper "Request to Staff, dated 4-9-2020, with NO response to the BP-8. See Exhibits 4, 7, and 5

11. It took eight (8) months before the Plaintiff was able to get a BP-9 (Administrative Remedy Request) due to the failure of Case Manager Jones, Secretary C. Wilson, and Unit Manager R. Clem's refusal to provide him with that form, which is

12 A

11. (contd...) dated 12-31-2020. See Exhibit

12. Warden R. Hudgins and R. Clem DID NOT properly respond to the BP-9 because there is <u>no</u> entry in SENTRY showing that they received it despite attaching the Administrative Remedy Program Statement to it. See Exhibits 8, 9, and 10

13. As to "12.", they are <u>REQUIRED</u> to enter the Remedy Request into SENTRY even if it is to be rejected.

14. As to "13.", they are "covering up" the allegations against H. Williams and Ian Connors <u>AND</u> failed to report those allegations to their supervisors and/or the Office of the Inspector General of the US Department of Justice See Exhibits 1 and 2

15. As to "14.", H. (Howard) Williams added to the cover-up by participating in their own investigation [of their misconduct] and entered an incorrect subject code, "Other Medical Matters" instead of "Unprofessional, Inappropriate Conduct or Misconduct by Staff." See Exhibits 11 and 12

16. As to "12.", "13.", "14.", and "15.", H. Williams added to this by rejecting the BP-10 (Regional Appeal) and stating that I must file a BP-9 when <u>the</u> Plaintiff had <u>already</u> done so, albeit belatedly, due to staff's failure to provide the BP-9 Form and to attempt exhaustion of his administrative remedies.

17. As to "16.", the Plaintiff had to get a BP-11 (Pink Form - Central Office Appeal) from an inmate (Remedy ID No.: 1069912) because C-Unit Secretary C. Wilson <u>would not</u> provide one for him on 3-16-2021.

18. As to "17.", Ian Connors, at the FBOP Central Office, changed the Remedy ID Number to 1002171-A2 despite the CORRECT Remedy ID Number being plainly visible under "REASON FOR APPEAL" on the BP-11 form. See Exhibit 13

19. As to "15.", Ian Connors also participated in the investigation of his own [staff] misconduct in violation of the Standards of Ethical Conduct for Employees of the Executive Branch.(i.e. conflict of interest).

12B

20. As to "18." and "19.", Ian Connors, on April 16, 2021, rejected the BP-11 with the INCORRECT Remedy Number (1002171-A2), which was the Remedy ID Number of the INCORRECT grievances that they (he and Howard (H.) Williams) split. See Exhibits 13 and 14

21. As to "20.", that Rejection Notice was not received until May 11, 2021 from Unit Manager R. Clem who has knowledge of this misconduct because it is HIS duty to hand-deliver the Rejection Notices and Receipts to inmates.

22. As to "21.", Unit Manager R. Clem failed to follow statutory mandates on reporting staff misconduct.

23. Warden Hudgins, R. Clem, C. Wilson, Case Manager Jones, H. Williams, J.C. Petrucci, Ian Connors and Ken Hyle (John Doe) have a duty of care to provide for the Plaintiff's safekeeping and care under statutory law.

24. As to "23.", they also have a duty of care to ensure that the Administrative Remedy Program is not operated in an arbitrary and capricious manner.

12C

Supporting Facts: 25. The Plaintiff incorporates paragraphs 1. through 24. as though they were fully stated herein.

26. Warden R. Hudgins, Case Manager Jones, and R. Clem failed to act to immediately address the Plaintiff's medical issues and report the staff misconduct.

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

RWarden R. Hudgins, Unit Manager R. Clem, Case Manager Jones, Regional Director J.C. Petrucci (Mid-Atlantic Regional Office), Ken Hyle / John Doe (if it was someone other than Ken Hyle) General Counsel - Central Office) ALL employed by FBoP

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?        ☑ Yes        ☐ No

If your answer is "YES," please explain: Warden R. Hudgins (CEO FCI Gilmer, WV); Unit Manager R. Clem, Case Manager Jones (Unit Team members for Plaintiff (i.e. his needs), FCI Gilmer, WV (FBoP); J.C. Petrucci (Regional Director - Mid-Atlantic Regional Office FBoP); Ken Hyle / John Doe - General Counsel for FBOP at Central Office

CLAIM 3: Failure to Supervise - FBoP employees at FCI Gilmer, WV, the Mid-Atlantic Regional Office, and the Central Office failed to supervise their employees when they failed to monitor the operation of the Administrative Remedy Program at the Institutional, Regional, and Central Office and report staff misconduct.

Supporting Facts: 38. The Plaintiff incorporates paragraphs 1. through 37. as though they were stated fully herein.

39. Ian Connors failed to supervise H. Williams when he continued to allow him to change Remedy ID Numbers in violation of FBoP policy for the past six years.

Go to page 13B

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Warden R. Hudgins (FCI Gilmer, WV) - FBoP; J.C. Petrucci (Mid-Atlantic Regional Office of FBoP - Director); Ian Connors (Inmate Appeals Administrator - Central Office (FBoP)), and Ken Hyle / John Doe (General Counsel - Central Office (FBoP))

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?        ☑ Yes        ☐ No

27. As to "26.", Warden Hudgins had personal knowledge of the Plaintiff's medical conditions, which included cyanosis (blue hands), kidney area pain, and chest pains on multiple occasions. See Exhibit 3

28. Warden R. Hudgins and R. Clem failed to investigate the Plaintiff's grievance - failed to act - to confirm or deny the allegations brought forth by the Plaintiff. See Exhibits 8, 9, and 10

29. As to "28.", they have a statutory/regulatory duty to investigate under the FBOP's Administrative Remedy Program.

30. J.C. Petrucci and Ken Hyle (or John Doe) failed to act to investigate the allegations of staff misconduct against H. (Howard) Williams and Ian Connors at the Mid-Atlantic Regional Office and Central Office of the FBOP, respectively.

31. As to "30.", they failed to act to ensure that Ian Connors and H. Williams <u>were</u> <u>not</u> <u>able</u> to investigate their own misconduct.

32. As to "31.", this failure to act led to an incorrect subject code at the Regional level and an incorrect Remedy ID Number at the Central Office level. See Exhibits 12 and 14

33. Warden Hudgins failed to act to ensure that staff were properly operating the Administrative Remedy Program.

34. As to "33.", Case Manager Jones and Secretary Ms. C. Wilson failed to act when they refused to provide a BP-9 Form to the Plaintiff from May 2020 to August 2020 to allow him to pursue his administrative remedies against H. Williams and Ian Connors.

35. As to "34.", Ms. Wilson would intentionally "speed by" the room (C-3 Unit/Room 219) while passing out meals during the COVID-19 lockdowns so that the Plaintiff would not have an opportunity to stop her to ask for the BP-9 or other documents or information.

13A

36. As to "35.", they DO NOT have discretion to interfere with or deny the Plaintiff access to the Administrative Remedy Program and, subsequently, to medical care and to the Courts.

37. J.C. Petrucci and Ken Hyle (John Doe) do not have discretion to allow H. (Howard) Williams and Ian Connors to investigate grievances that involve their misconduct against the Plaintiff. See "30." and "31." and Exhibits 2, 11, and 14

## CLAIM 3: Failure to Supervise

40. Warden R. Hudgins failed to supervise Unit Manager R. Clem, Case Manager Jones, and Secretary C. Wilson because they acted in an arbitrary and capricious manner when they refused to provide and/or process the Plaintiffs grievances. See "3.", "4.", "10.", "11.", "12.", "13.", "17.", "24.", "28.", "33.", "34.", and "35."

41. Regional Director J.C. Petrucci failed to supervise when they allowed H. Williams to split the Plaintiff's grievances - physically - and return both parts unanswered and with two DIFFERENT Remedy ID Numbers (992661 and 1002171). See Exhibit 2

42. As to "41.", J.C. Petrucci failed to supervise when they allowed H. (Howard) Williams to investigate/respond to allegations/grievance about his misconduct, which created an ethical conflict of interest. See "37.", "4.", "3.", "6.", "15.", "16.", "30.", "31.", and "32."

43. Ken Hyle (or John Doe) (General Counsel at Central Office of the FBOP) failed to supervise when they allowed Ian Connors to split the grievance forms (4-part forms) and return them with two DIFFERENT Remedy ID Numbers (992661 and 1002171). See "3.", "4.", "6.", "14.", "15.", "18.", "20.", "30.", "31." See Exhibit 2

44. As to "43.", Ken Hyle failed to supervise when they allowed Ian Connors to investigate/respond to allegations/grievance about his misconduct, which created an ethical conflict of interest. See "19."

13B

Attachment A
10-3-2022

If your answer is "YES," please explain: _Warden R. Hudgins (FCI Gilmer, WV)_
_is the CEO of FCI Gilmer, WV had authority to order medical treatment. J.C._
_Petrucci (Regional Director Mid-Atlantic Office) authority to keep H. (Howard) from investigating_
_a grievance against him; Ian Connors (central office) authority to correct H. Williams but_
_refused; Ken Hyle (General Counsel - Central office) authority to keep Ian Connors from_
_investigating a grievance against him._

CLAIM 4: _N/A_

Supporting Facts: _N/A_

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
_N/A_

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     □ Yes     □ No _N/A_

If your answer is "YES," please explain: _N/A_

CLAIM 5: _N/A_

Supporting Facts: _N/A_

Attachment A
10-3-2022

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

N/A

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     □ Yes     □ No  N/A

If your answer is "YES," please explain:  N/A

## VII.  INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages.  The Plaintiff had a heart attack because Warden R. Hudgins, Case Manager Jones, and Unit Manager R. Clem ignored the electronic "Request to Staff" dated 3-20-2020 and 3-21-2020 and the BP-8 that requested that his medical issues be addressed. The Plaintiff was diagnosed with a heart attack AND myocarditis on April 17, 2020. These staff members had an opportunity to refer the Plaintiff's issues, but chose not to do so and were negligent and were the proximate cause of the Plaintiff's heart attack.

## VIII.  RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

1. Declare that the Defendant committed negligent and wrongful acts and omissions against the Plaintiff in violation of federal statutes, regulations, and agency policies.
2. Order the Defendants to pay compensatory damages;
3. Order the Defendant to pay reasonable attorney fees and costs;
4. Grant declaratory and other just and equitable relief that this Honorable Court deems necessary.

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at <u>USP Lompoc in Lompoc, California</u>   on <u>10 - 3 - 2022</u>.

            (Location)                                            (Date)

Your Signature

---